UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARMEN RODRIGUEZ,

    Plaintiff,

v.                                           Case No. 8:05-CV-1295-T-24TBM

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's motion to dismiss complaint and strike jury demand. (Doc. No. 3). Plaintiff filed a response in opposition thereto. (Doc. No. 4).

**I.**      **Background**

Carmen Rodriguez ("Plaintiff") filed an action for disability benefits against Liberty Life Assurance Company of Boston ("Defendant") in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. No. 2). Defendant removed this case stating that this action is a federal question action because Plaintiff seeks disability benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Doc. No. 1).

Defendant then filed the instant motion to dismiss the complaint and strike the jury demand, because the insurance policy under which Plaintiff seeks relief is an "employee welfare benefit plan" governed by ERISA, and ERISA preempts state law causes of action. (Doc. No. 3). Plaintiff opposes this motion. (Doc. No. 4)

1

## II.    Standard of Review for a Motion to Dismiss

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## III.   Discussion

Plaintiff does not contest Defendant's assertion that ERISA preempts state law causes of action; rather, Plaintiff contends that the insurance policy at issue is not governed by ERISA.  (Doc. No. 4).

ERISA applies to any "employee benefit plan."  29 U.S.C. § 1003.  Whether the insurance policy at issue falls within ERISA depends on whether the insurance policy qualifies as an "employee benefit plan."  Under ERISA the term "employee welfare benefit plan" is defined as:

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical . . .

or benefits in the event of sickness, accident, disability, death, or unemployment. 29 U.S.C. § 1002(1).

The Eleventh Circuit has stated that to be an employee welfare plan governed by ERISA requires: "(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . (5) to participants or their beneficiaries." Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982).

The policy states that all regular full-time and part-time employees of The Coca Cola Company are eligible for disability benefits and The Coca Cola Company funds the plan. Furthermore, the language of the plan contemplates that Plaintiff's claim for benefits would be governed by ERISA.  (Doc. No. 2, Exhibit 2).[1] The plan clearly evidences that it is both established and maintained by The Coca Cola Company for the purpose of providing medical and disability benefits and meets the Donovan requirements.[2] See Anderson v. UNUM Provident Corp., 369 F.3d 1257,1267 (11th Cir. 2004)(finding that the following actions and representations, among others, are sufficient to establish that an employer "established" or "maintained" a benefit plan: an employer expressing an intent to provide benefit on a long term basis, an employer's ongoing obligation under the plan, and the plan actually stating ERISA as

---

[1] When a plaintiff refers to documents in a complaint that are central to plaintiff's complaint, a court may consider the documents as part of the pleading for the purposes of a motion to dismiss.  See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

[2] The Court notes that Defendant actually references Tech Data Corporation in their motion in an apparent scrivener's error.  Plaintiff failed to address either the safe harbor provisions or the criteria outlined in Donovan.

the governing law.)

The Department of Labor has issued "safe harbor" regulations providing "that group insurance offered to workers through their place of employment will *not* be deemed an ERISA plan if the insurance program satisfies certain enumerated criteria." Randol v. Mid-West National Life Insurance Company of Tennessee, 987 F.2d 1547, 1549 (11th Cir. 1993)(emphasis in original).  The safe harbor regulations provide that:

> For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
> (1)  No contributions are made by an employer or employee organization;
> (2)  Participation in the program is completely voluntary for employees or members;
> (3)  The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4)  The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with the payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).  Failure to satisfy any one of the four safe harbor provisions "closes the safe harbor and exposes a group insurance program, if it otherwise qualifies as an ERISA program, to the strictures of the Act." Johnson v. Watts Regulator Company, 63 F.3d 1129, 1133 (1st Cir. 1995).

As to provision (1), the policy provides that Plaintiff's employer, The Coca-Cola Company,[3] makes contributions to the plan.  Specifically, the policy states The Coca-Cola

---

[3] Plaintiff does not contest that she is an employee of The Coca-Cola Company.

4

Company pays the cost of employee's coverage.[4] (Doc. No. 2, Exhibit 2). Therefore, safe harbor provision (1) is not satisfied.

With respect to provision (2), the policy provides that if an Employee, during the Initial Enrollment Period, "does not choose any coverage or coverage option, he will automatically be enrolled in the Core Plan." (Doc. No. 2, Exhibit 2). Therefore, the plan is not voluntary and safe harbor provision (2) is not satisfied.

As to provision (3), the Eleventh Circuit has held that "to qualify for the safe harbor, an insurance program may not, in part, be endorsed by the employer, whose sole function must only be 'to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer.'" Anderson, 369 F.3d at 1262 (citing 29 C.F.R. § 2510.3-1(j)(3)). An employer will be said to have endorsed a program, if "in the light of all the surrounding facts and circumstances, an objectively reasonable employee would conclude on the basis of the employer's actions that the employer had not merely facilitated the program's availability but had exercised control over it or made it appear to be part and parcel of the company's own benefit package." Johnson, 63 F.3d at 1135.

Here The Coca-Cola Company sponsors the plan. (Doc. No. 2, Exhibit 2). Specifically, the plan lists The Coca-Cola Company as the Sponsor to whom the policy is issued. (Doc. No. 2, Exhibit 2 at 12). The Coca-Cola Company's endorsement of the plan is evidenced by language within the plan that The Coca-Cola Company may terminate the policy upon written notice. These facts lead the Court to conclude that a reasonably objective employee would believe that The Coca-Cola Company exercised control over Defendant's plan and that the plan

---

[4] Only those Employees who elect to increase the amount of their core plan, i.e., Class 2 - Buy-Up Plan, make contributions.

was part of the company's own benefit package. Therefore, safe harbor provision (3) is not satisfied in this case, and this plan does not fall into the regulatory safe harbor. See <u>Randol</u>, 987 F.2d at 1549.

Since the plan does not fall into the regulatory safe harbor and the <u>Donovan</u> requirements are met, this Court finds that the plan is governed by ERISA and all state law claims are preempted. Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)  Defendant's motion to dismiss complaint and strike and strike jury demand (Doc. No. 3) is **GRANTED** in that Plaintiff's complaint is based on state law and preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.;

(2)  Plaintiff is granted leave to file an amended complaint in accordance with the findings in this order on or before September 23, 2005. **Failure to do so will result in the Court closing this case without further notice**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of September, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record